UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JASON LEE HOWARD,            )
                             )
         Petitioner,         )
    vs.                      )      1:11-CV-1503-SEB-DKL
                             )
SUPERINTENDENT BRIAN SMITH,  )
                             )
         Respondent.         )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Jason Lee Howard for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

**I. Petition for Writ of Habeas Corpus**

Howard seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). His claim is that Indiana state parole authorities have not complied with certain procedures relative to a parole violation charge which remains pending. The procedures to which Howard refers in his petition for writ of habeas corpus are assertedly required by Indiana law.

Howard's custodian argues that the action should be dismissed. The first prong of this argument is that Howard's habeas petition is premature because the violation proceeding has not been concluded. This presents a question of exhaustion of state remedies, which would ordinarily be a threshold matter to consider. *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000)("A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim.").

The respondent's other argument, however, is conclusive in this instance and permits the court to rule without requiring exhaustion of state remedies. *See* 28 U.S.C. § 2254(b)(2); *see, e.g., Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005) (declining to address whether the court of appeals correctly held that the petitioner had not defaulted on his claim and citing 28 U.S.C. § 2254(b)(2) for the proposition that "an application for habeas corpus may be denied on the merits, notwithstanding a petitioner's failure to exhaust in state court"); *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997) (noting that a federal court may deny a petition on the merits without resolving whether the issue was presented fairly to the state courts).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode,* 464 U.S. 78 (1983) (citing *Engle v. Isaac,* 457 U.S. 1141 (1982)); *Smith v. Phillips,* 455 U.S. 209 (1982).

As noted, Howard's challenge is based on Indiana law. The arguable merits of such challenge is of no consequence here because such a challenge–a challenge based on state law–is not within the scope of § 2254(a). *See Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)).

"The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004). This means that federal courts do not sit in review of a state court's application of its own state law. *See, e.g., Swarthout v. Cooke,* 131 S. Ct. 859, 861 (2011) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal citations and quotation marks omitted)). ATo say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim ›presents no federal issue at all.‹@ *Perruquet,* 390 F.3d at 511 (quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)). Howard's habeas petition fails to state a cognizable claim for relief. *Johnson v. Bett*, 349 F.3d 1030, 1037 (7th Cir. 2003). A decision on the merits is permissible under these circumstances based on authority conferred by 28 U.S.C. § 2254(b)(2).

Accordingly, that petition is denied. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the court finds that Howard has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/01/2012

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jason Lee Howard
#573335
Plainfield Correctional Facility
727 Moon Rd.
Plainfield, IN  46168

All Electronically Registered Counsel